**UNITED STATES of America, Plaintiff,**

v.

**Raymond James PROCTOR, Jeni Mummert, aka "Jeni Proctor," Helga Marie Adams, and Masaru Shingaki, Defendants.**

**Cr. No. 81–01080.**

United States District Court, D. Hawaii.

Nov. 25, 1981.

---

8. The Constitution of the State of Hawaii, Art. III, S. 10.

9. Act 81, Session Laws of Hawaii 1981.

Emilia M. De Meo, Asst. U. S. Atty., Wallace W. Weatherwax, U. S. Atty., Honolulu, Hawaii, for plaintiff.

Earle Partington, Honolulu, Hawaii, for defendant Raymond James Proctor.

Pamela J. Berman, Honolulu, Hawaii, for defendant Jeni Mummert.

Paul Tomar, Honolulu, Hawaii, for defendant Helga Marie Adams.

Blake T. Okimoto, Honolulu, Hawaii, for defendant Masaru Shingaki.

## ORDER DENYING DEFENDANTS' MOTION TO SUPPRESS EVIDENCE

SAMUEL P. KING, Chief Judge.

By motion dated October 22, 1981, Defendant Helga Marie Adams, pursuant to Fed. R. Crim. P. 12(b) and 41(e), moves this Court for an order suppressing the use as evidence of all evidence obtained or derived from the interception of wire or oral communications made or participated in by Defendant. Defendants Raymond James Proctor, Masaru Shingaki and Jeni Mummert joined in the motion.

## STATEMENT OF FACTS

On August 7, 1981, the Federal Grand Jury returned a twelve count indictment against Defendants. The Grand Jury indicted each co-defendant (Masaru Shingaki, Helga Marie Adams and Jeni Mummert, aka "Jeni Proctor") on one count of conspiracy to violate 18 U.S.C. § 2252(a)(2) and on four counts alleging substantive violations of 18 U.S.C. § 2252(a). This same indictment charges co-defendant Raymond James Proctor with one count of conspiracy, ten counts alleging violations of 18 U.S.C. § 2252(a)(2) and one count alleging violation of 18 U.S.C. § 2252(a)(1). Sections 2252(a)(1) and (2) proscribe the distribution and receipt with the intent to distribute, in interstate or foreign commerce or by the use of the mails, of obscene print and visual media involving the use and depiction of children under the age of sixteen.

The investigation which led to the Federal Grand Jury indictment was initiated as a joint federal and state undercover investigation. Law enforcement agents from the U.S. Customs Service and the Honolulu Police Department cooperated by pooling their resources and manpower in the investigation of alleged violations of both federal and state laws. The investigation utilized the efforts of at least two Special Federal Agents and at least three Honolulu Police officers. This investigation included the recording, by means of tape recording, videotape and body (audio tape) recorder, of conversations and meetings that occurred between U.S. Customs Special Agent Darryl Cosme, acting in an undercover capacity, and each of the defendants.

The recordings were made between the dates of May 9, 1980, and May 20, 1980. All of the recorded conversations and meetings were taken with the consent of Special Agent Cosme. Agent Cosme was a party to each of the recorded conversations. No other wiretapping or electronic recording of defendants' conversations or meetings were taken, either among themselves or with other individuals.

Defendants' principal contention in seeking to suppress the evidence resulting from these recordings is that the recordings were made in violation of state law and are illegal under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.* (Title III). Defend-

ants' argument can be summarized as follows:

(1) Under Hawaii state law as recently announced in *State of Hawaii v. Okubo*, Crim. No. 55122 (Cir. Ct. 1st Cir. September 4, 1981), *appeal docketed*, No. 8286 (Supreme Court of Hawaii), notwithstanding one party's consent to the electronic recording of face-to-face conversations, it is an invasion of the right of privacy and a violation of Article I, section 7 of the Hawaii Constitution and Hawaii Rev. Stat. § 803–42(b)(3) to make such recordings without a duly authorized warrant issued prior to the electronic recording.

(2) Title III controls the federal use of any evidence taken by means of wiretapping and other forms of electronic surveillance. Under this chapter, evidence obtained by the interception of wire and oral communications is inadmissible in a federal prosecution "if disclosure of that information would be in violation of this chapter." 18 U.S.C. § 2515.

(3) Defendants agree that federal law as contained in Title III generally preempts conflicting state law under the Supremacy Clause. However, Defendants argue that Title III creates a specific exception where state law enforcement officials are involved in electronic surveillance for state prosecutorial purposes. In this instance Title III adopts and incorporates state law if the state has adopted requirements which are more restrictive than those embodied as "minimum requirements" in Title III. Defendants argue that the language and legislative history of Title III clearly reflects Congress' intent to reserve to the states the right to protect privacy under state law to a greater extent than does Title III.

(4) Accordingly, Defendants argue that Hawaii's more restrictive law, *i. e.*, that consensual wiretaps are an invasion of the right of privacy and hence illegal when made without a court warrant, is incorporated into federal law via the Title III exception. Inasmuch as the actions of the Hawaii law enforcement officials constitute the interception of protected communication by means not in accordance with Title III, testimony disclosing the contents of such an illegal interception is not admissible.

Defendants argue that § 2516(2) of Title III is the clearest and best illustration of the Act's intent to reserve and defer to the state the right to regulate the conduct of its own officers and the conduct of electronic surveillance. Section 2516(2) provides in pertinent part:

> The principal prosecuting attorney of any State ... may apply to such [State] judge for, and such judge may grant in conformity with section 2518 of this chapter and with the applicable State statute an order authorizing, or approving the interception of wire or oral communications....

Defendants rely on dictum in *United States v. Hall*, 543 F.2d 1229 (9th Cir. 1976) for support of this contention. In reaching its decision in *Hall*, the Ninth Circuit noted that since the federal agents were authorized to obtain the wiretap under Title III, federal law controlled. Although the court stated that "[i]t may well be true ... that the federal act does not preclude the states from enacting more restrictive wiretapping statutes of their own," *id.* at 1232, it specifically held that:

> To the extent that there is a conflict between the state and federal legislation, ... the federal statute controls under the Supremacy Clause of the Constitution. Article VI, cl. 2. The state law cannot preempt the federal unless the federal act itself sanctions the application of state standards. That is not the case here.

*Id.*

Thus, the court added:

> Federal officers are authorized to wiretap under § 2516(1), regardless of the provisions of state law. It is only wiretapping by state officers under § 2516(2) which requires further authorization by state statutes.... With the lone exception concerning the interception by state officers for state prosecutions, the federal statute does not defer to the states.

*Id.*

Defendants' argument fails to consider the effect of 18 U.S.C. § 2511(2)(c) of Title III which expressly states:

It shall not be unlawful *under this chapter* for a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception. [emphasis added]

Under § 2511(2)(c), all recordings which involve the consent of one party to a conversation are exempted from Title III's general prohibition of judicially non-authorized wiretaps. *United States v. Horton*, 601 F.2d 319, 323 (7th Cir. 1979); *United States v. Keen*, 508 F.2d 986, 988 (9th Cir. 1974), *cert. denied*, 421 U.S. 929, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975). This section leaves intact prior law upholding the constitutionality of consensual recordings. *United States v. Keen, supra*, 508 F.2d at 988. *See also United States v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971).

■ It is still the prevailing federal law that warrantless recordings of conversations do not violate the Fourth Amendment where one party to the conversation consents to the recording. *United States v. White, supra; Lopez v. United States*, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963); *On Lee v. United States*, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270 (1952). *Accord, United States v. King*, 587 F.2d 956 (9th Cir. 1978); *United States v. Testa*, 548 F.2d 847 (9th Cir. 1977).

Defendants have attempted to emphasize the point that it is their expectation of privacy rather than their Fourth Amendment rights which are at jeopardy here. The Supreme Court in *White, supra*, addressed the relationship between the right of privacy and the Fourth Amendment. An accused has no justifiable expectation of privacy that his conversations with his companions, whose trustworthiness he necessarily risks, will not be so recorded. As the court posed the question:

Our problem . . . is what expectations of privacy are constitutionally 'justifiable'—what expectations the Fourth Amendment will protect in the absence of a warrant. So far, the law permits the frustration of actual expectations of privacy by permitting authorities to use the testimony of those associated who for one reason or another have determined to turn to the police, as well as by authorizing the use of informants . . . . If the law gives no protection to the wrongdoer whose trusted accomplice is or becomes a police agent, neither should it protect him when that same agent has recorded or transmitted the conversations which are later offered in evidence to prove the State's case.

*Id.* 401 U.S. at 752, 91 S.Ct. at 1126.

The Government argues that the fallacy in defendants' reliance on the Ninth Circuit's reference to § 2516(2) in *Hall* rests on the fact that under § 2511(2)(c), the provisions of § 2516(2) do not apply to consensual recordings. In *Hall*, the Ninth Circuit was presented with a situation involving a non-consensual wiretap, and therefore the court had no need to spell out the applicability of the terms of § 2511(2)(c) to consensual recordings. This Court agrees.

*United States v. Keen, supra*, supports this Court's and Plaintiff's position. In *Keen*, a government agent had recorded a conversation between the appellant and an informer, with the informer's consent. In rejecting appellant's contention that the recordings were inadmissible because they violated a State of Washington statute which requires the consent of all parties to the conversation, the Ninth Circuit expressly held:

Wire taps obtained with the consent of one party to a conversation do not violate the Fourth amendment. . . .

*Id.* at 989. Because no Fourth Amendment violation had occurred, the court noted that the exclusionary rule did not mandate suppression of the recordings:

Keen overlooks the fact that the exclusionary rule is a remedy integrally bound up with the constitutional protections of the fourth amendment. . . . The Supreme Court . . . has restricted its application in wiretap cases to those whose

fourth amendment rights have been violated.

*Id.* at 988–89.

Thus, the Ninth Circuit concluded in *Keen*:

> [W]iretap evidence obtained in violation of neither the Constitution nor federal law is admissible in federal courts, even though obtained in violation of state law.

*Id.* at 989.

The *Keen* holding was reaffirmed by the Ninth Circuit in *United States v. Testa, supra,* wherein the court held that the consensual recordings involved were admissible in federal court even though they violated California and Nevada wiretapping statutes. The court stated:

> [R]egardless of their viability as state laws, these state provisions do not govern the question of admissibility in federal court.

*Id.* at 856.

■ As this Court concludes that § 2511(2)(c) of Title III permits the use in federal court of wiretaps without a warrant when one party consents, regardless of the law of the state in this area, the Court need not determine whether state law imposes "more rigorous requirements" than federal law.[1]

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Suppress Evidence Obtained or Derived from the Interception of Wire or Oral Communication be and hereby is DENIED.

---

1. *State of Hawaii v. Okubo, supra,* is pending appeal in the Supreme Court of Hawaii. The Government also cites two cases in the Circuit Court of the First Circuit, State of Hawaii, which are contrary to the *Okubo* decision: *State of Hawaii v. Harris,* Crim. No. 55905 (Cir. Ct. 1st Cir. November 6, 1981) and *State of Hawaii v. Galaza,* Crim. No. 55080 (Cir. Ct. 1st Cir. June 30, 1981).