OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF ERROR CORAM NOBIS
DeCICCO, Senior Judge:
The petitioner seeks extraordinary relief in the nature of a writ of error coram nobis for denial of his statutory right to appellate review of his court-martial conviction which took place in 1984. The Government replies that it has lost the record of trial and cannot locate a copy or produce another one. Accordingly, it concedes that the requested relief should be granted. We hold that extraordinary relief is available to a petitioner (1) where his sentence meets the mandatory review requirements of Article 66, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 866, and (2) where the Government loses the record of trial and is unable to produce another for review. Therefore, we grant the relief petitioner requests.

Facts

We have obtained the following information from a copy of a court-martial promulgating order attached to the petition. Following mixed pleas, Radioman Seaman [RMSN] Ross, the petitioner, was convicted by a special court-martial of attempted armed robbery, unauthorized absence, various failures to go to his appointed place of duty, assault with a knife and breaking restriction in violation of Articles 80, 86, 128 and 134, UCMJ, 10 U.S.C. §§ 880, 886, 928, 934. The military judge sentenced him to confinement for 6 months, forfeiture of $396.00 pay per month for 6 months, reduction to the lowest enlisted pay grade, and a bad-conduct discharge. The trial took place on 15 November 1984.
After proceedings in revision, the convening authority approved the sentence on 6 February 1985. The convening authority’s action indicates that the record of trial was forwarded to the Navy-Marine Corps Appellate Review Activity, Office of the Judge Advocate General, Washington, DC. The appellant has been on appellate leave since 1985. Until the filing of this petition in September 1995, over 10 years since his conviction, RMSN Ross’ case has not been docketed with this Court, and the Government has indicated that the case cannot be docketed because, after searching high and low, it cannot locate the record of trial, and it is not able to produce another or a copy of the original.

Discussion

It is well established that this Court has power to grant the requested relief under the All Writs Act, 28 U.S.C. § 1651(a), to ensure the integrity of the judicial process. Dettinger v. United States, 7 M.J. 216 (C.M.A.1979); Aviz v. Carver, 36 M.J. 1026 (N.M.C.M.R.1993). Before granting such relief, however, the petitioner must demonstrate that he is clearly and indisputably entitled to the relief as a matter of right. Aviz; United States v. Thomas, 33 M.J. 768 (N.M.C.M.R.1991). Extraordinary relief should not be invoked in cases where other authorized means of appeal or administrative review exist. Aviz (citing Coffey v. Com *770 manding Officer, USS Charleston, 33 M.J. 938 (N.M.C.M.R.1991)).
In this case, the petitioner seeks a writ of error coram nobis. This writ was traditionally used to correct factual errors, but it now encompasses constitutional and other fundamental errors, including claims sounding in due process. Garrett v. Lowe, 39 M.J. 293 (C.M.A.1994). It provides extraordinary relief predicated upon exceptional circumstances. It may not be used to seek a reevaluation of the evidence or to relitigate alleged errors. United States v. Frischholz, 16 U.S.C.M.A. 150, 36 C.M.R. 306, 1966 WL 4467 (1966).
Article 65(a), UCMJ, 10 U.S.C. § 865(a), mandates that in a case subject to appellate review under Article 66, UCMJ, in which the right to such review is not waived or an appeal is not withdrawn, the record of trial and action thereon shall be transmitted to the Judge Advocate General. Article 66(b), UCMJ, 10 U.S.C. § 866(b) requires the Judge Advocate General to refer to a Court of Criminal Appeals the record in each case of trial, by court-martial in which the sentence, as approved, extends to death, dismissal, dishonorable or bad-conduct discharge, or confinement for one year or more and where the accused has not waived or withdrawn the appeal. In short, the record in any case involving an approved punitive discharge must be submitted to the appropriate Court of Criminal Appeals for mandatory review. While the speed of the review has been a fertile source of litigation over the years, there is no dispute that the accused has a right to have his case heard on appeal if the threshold requirements of Article 66, UCMJ, are met and he has not waived or withdrawn the appeal. Articles 65 and 66, UCMJ. See United States v. Dunbar, 31 M.J. 70, 76 (C.M.A.1990) (Cox, J., concurring in the result).
Obviously, without a properly authenticated record of trial, the accused cannot obtain the statutorily mandated review to which he is entitled. RMSN Ross has waited 10 years to have his case reviewed on appeal, and now it is clear that it will never be reviewed. He has not waived or withdrawn his appeal. These are exceptional circumstances which require extraordinary relief. We know of no other appellate process or administrative action he can pursue to address this matter. He is not seeking to reconsider prior unsuccessful appellate issues, but to assert a right bestowed to him by statute. The integrity of the judicial process in the military would be undermined if we did not afford relief when an accused’s statutory right of appeal under Article 66, UCMJ, is not possible because the Government cannot produce a record of trial for review.

Decision

Accordingly, the requested relief is granted. The findings and sentence are set aside and, considering the circumstances of this case including the substantial passage of time since trial, the charges are dismissed.
Judge DOMBROSKI and Judge CLARK concur.