UNITED STATES, Appellee

v.

Dennis R. TOY, Sonar Technician (Submarines) First Class
U.S. Navy, Appellant

No. 07-0316

Crim. App. No. 200001418

United States Court of Appeals for the Armed Forces

Argued October 16, 2007

Decided January 16, 2008

BAKER, J., delivered the opinion of the Court, in which EFFRON,
C.J., and ERDMANN, STUCKY, and RYAN, JJ., joined.

<u>Counsel</u>

For Appellant:  Lieutenant Anthony Yim, JAGC, USN (argued).

For Appellee:  Major Brian K. Keller, USMC (argued); Commander
Paul C. LeBlanc, JAGC, USN, and Major Wilbur Lee, USMC.


Military Judge:  Robert W. Redcliff


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge BAKER delivered the opinion of the Court.

Contrary to his pleas, Appellant was convicted by officer and enlisted members of forcible sodomy with a child between the ages of twelve and sixteen years, sodomy with a child between the ages of twelve and sixteen, three specifications of indecent acts with a child under the age of sixteen and two specifications of indecent acts with another in violation of Articles 125 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C §§ 925, 934 (2000). All of the offenses were committed against Appellant's stepdaughter. The adjudged sentence included a dishonorable discharge, confinement for twenty years, forfeiture of all pay and allowances and reduction to E-1. The convening authority approved the sentence as adjudged but suspended the adjudged forfeitures and waived any automatic forfeitures.

In its first review, the United States Navy-Marine Corps Court of Criminal Appeals set aside the forcible sodomy charge and one specification of indecent acts with a child. United States v. Toy (Toy I), 60 M.J. 598, 607 (N-M. Ct. Crim. App. 2004). It affirmed the remaining findings and ordered a rehearing on sentence. Id. Upon rehearing, a military judge re-sentenced Appellant to a dishonorable discharge, confinement for fifteen years, forfeiture of all pay and allowances and reduction to E-1. This time, pursuant to a pretrial agreement,

the convening authority approved the adjudged sentence but
suspended all confinement in excess of ten years.  The United
States Navy-Marine Corps Court of Criminal Appeals affirmed this
approved sentence and reaffirmed the findings.  United States v.
Toy (Toy II), No. NMCCA 200001418, 2006 CCA LEXIS 343, at *13,
2006 WL 4579022, at *4 (N-M. Ct. Crim. App. Dec. 21, 2006)
(unpublished).  The issue now before the Court is:

> WHETHER MIL. R. EVID. 317(a) INCORPORATES STATE
> STATUTES WHEN DETERMINING AN UNLAWFUL INTERCEPTION OF
> AN ORAL OR WIRE COMMUNICATION.

### FACTS

The facts as necessary and relevant to resolution of the
issue were set out by the court below:

> The appellant married a woman who had two daughters by a
> previous marriage.  One of the daughters, M, was 10 years
> old when the appellant began dating her mother, and she
> developed a crush on the appellant.  The appellant married
> M's mother in 1995 when M was 13 years old, and the family
> transferred to Hawaii shortly thereafter.  In 1997, when M
> was 15 years old, the appellant performed oral sex on her
> and had her perform oral sex on him.  When M was 16 years
> old, the appellant engaged in sexual intercourse with her
> on two occasions.  The appellant's wife found him in bed
> with M and gave him an ultimatum:  the appellant's wife
> would report him to the police unless he agreed to be
> secured to the headboard of the marital bed when there were
> no other adults in the house to protect the step-daughters
> from the appellant.
>
> The appellant grew tired of being handcuffed to the bed and
> eventually verbal disagreements arose between the appellant
> and his wife.  The appellant's wife secretly audio taped
> one of those arguments in which the appellant admitted, in
> part, what he had done with his step-daughter, M.  The
> appellant's wife also placed a video camera at the foot of
> their marital bed, with the appellant's knowledge, and

>     recorded a conversation between the appellant and herself
>     and then left the room while the camera videotaped the
>     appellant handcuffed to their bed.

Toy II, 2006 CCA LEXIS 343, at *4-*5, 2006 WL 4579022, at *1.

PROCEDURAL BACKGROUND

At trial, Appellant moved to suppress the audio and video tapes under Military Rule of Evidence (M.R.E.) 317(a). Under the rule:

>     [W]ire or oral communications constitute evidence obtained
>     as a result of an unlawful search or seizure within the
>     meaning of Mil. R. Evid. 311 when such evidence must be
>     excluded under the Fourth Amendment to the Constitution of
>     the United States as applied to members of the armed forces
>     or if such evidence must be excluded under a statute
>     applicable to members of the armed forces.

Emphasis added. During the hearing on the motion, defense counsel asserted that the "statute applicable to members of the armed forces" in Appellant's case was 18 U.S.C. § 2515 (2000). This section states:

>     Whenever any wire or oral communication has been
>     intercepted, no part of the contents of such communication
>     and no evidence derived therefrom may be received in
>     evidence in any trial, hearing, or other proceeding in or
>     before any court, grand jury, department, officer, agency,
>     regulatory body, legislative committee, or other authority
>     of the United States, a State, or a political subdivision
>     thereof if the disclosure of that information would be in
>     violation of this chapter.

Emphasis added. Defense counsel recognized an exception to this provision in 18 U.S.C. § 2511(2)(d) (2000), which states:

>     It shall not be unlawful under this chapter [18 U.S.C. §§
>     2510 et seq.] for a person not acting under color of law to
>     intercept a wire, oral, or electronic communication where

4

> such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

Emphasis added. Counsel continued, arguing that Mrs. Toy's conduct fell into the "exception to the exception" above because she had conducted the video and audio taping of Appellant for the purpose of committing a criminal or tortious act in that she had violated the Hawaii intercept statute. At the time, that state statute provided:

> (a) Except as otherwise specifically provided in this part any person who:
>
> > (1) Intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;
> >
> > (2) Intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any wire, oral, or electronic communication;
> >
> > . . . .
>
> shall be guilty of a class C felony.
>
> > . . . .
>
> [(b)] (3) It shall not be unlawful under this part for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in

> violation of the Constitution or laws of the United States or of this State; <u>provided that installation in any private place, without consent of the person or persons entitled to privacy therein</u>, of any device for recording, amplifying, or broadcasting sounds or events in that place, . . . is prohibited.

Haw. Rev. Stat. § 803-42 (1998) (amended 2006) (emphasis added).

The parties provided the military judge an audio tape of an interview with Mrs. Toy at which both trial counsel and defense counsel had been present.

[audio tape]

MRS. TOY:  I just had it sitting on top of the shelf -- the bookshelf.

DC:  Okay.  Did you ever ask Dennis if you could tape him?

MRS. TOY:  I was scared.  I wasn't taping it with his permission.  I was taping it so that if he hurt me, the girls would be able to go to the authorities and say this is what happened.

DC:  Did you ever go and talk to the Family Advocacy Program?

MRS. TOY:  After Dennis was turned in.

DC:  Can you explain again why it is that you wanted this taped?

MRS. TOY:  Because I was scared that he was going to hurt me.

DC:  Okay.  And how was it that you had planned on using this tape if --

MRS. TOY:  If he hurt me, then there would have been the tape to show just what had really happened.

DC:  This tape was inside of your home?

MRS. TOY:  Uh-huh.  [Indiscernible.]

6

DC: And he never knew about the tapes?

MRS. TOY: Not that I'm aware of.

DC: You never told him, 'Hey, I'm taping you, you had better calm down'?

MRS. TOY: She -- yeah. I'm afraid that he's going to kill me or hurt me when I tell him I'm taping it, so that if something happened to me, the girls would be able to go to the authorities; no, I didn't tell him.

DC: What about the videotape, did you ask him if you could videotape him?

MRS. TOY: He knew that he was being videotaped. That was the day he was being loud and obnoxious and banging and hollering, that at that point some of the boys had been coming over because they were scared for us and they were staying there to make sure we were okay. And I went back in and right at the beginning of the tape I told him if he was going to be -— being a jerk, he might as well do it on tape for everybody to see, and I set the tape up.

DC: Was he locked up at the time?

MRS. TOY: Yes, he was.

DC: How long did you tape him for then?

MRS. TOY: Whatever the length of the tape is and then it ran out.

The military judge found as follows:

The court does not find that the defense has met its burden to demonstrate that Mrs. Toy acted in a -- with the purpose of at least committing a crime when the videotape and when the audio tapes were made.

The court also finds that defense has not met its burden to demonstrate that Mrs. Toy acted with a criminal or tortious purpose in preparing the videotape . . . .

Finally, the military judge concluded that "such evidence is not required to be excluded under Military Rule of Evidence 317, which incorporates Title 18, United States Code Section 2515, and Title 18, Section 2511."

Appellant pursued this same argument during his first review before the Court of Criminal Appeals. However, like the military judge at trial, the lower court concluded that Appellant failed to carry his burden to demonstrate that Mrs. Toy made the tapes with a criminal or tortious purpose. Toy I, at 605.

During his second review before the Court of Criminal Appeals following his rehearing, Appellant renewed his claim that the tapes should have been suppressed, albeit under a different theory. This time, Appellant argued that Mrs. Toy's violation of the Hawaii statute provided an independent basis for exclusion under M.R.E. 317(a) regardless of whether the recording violated the corresponding federal statute. Toy II, 2006 CCA LEXIS 343, at *8, 2006 WL 4579022, at *3. The lower court reiterated the rationale it had relied on in part during the first review of the issue, namely that "federal law governs the admissibility of evidence in a federal criminal trial," and that "state law cannot make inadmissible at court-martial that which federal law says is admissible." Toy II, at *9, 2006 WL 4579022, at *3. Consequently, the court concluded that it had

already considered and rejected Appellant's claim of error.  Id. at *9, 2006 WL 4579022, at *3.

CURRENT POSTURE OF THE CASE

Appellant presents this modified argument in his appeal before this Court.  He "fully concedes the well recognized principle that a violation of state law could not render the recordings inadmissible in a federal civilian criminal trial. But that is because the federal rules of evidence do not incorporate state statutes."  According to Appellant, the Military Rules of Evidence do incorporate state statutes.  Also, notwithstanding his argument before the military judge and the court below during its first review of his case, Appellant now asserts that 18 U.S.C. § 2511(2)(d) is "a statute that is inapplicable to the granted issue."  Appellant now contends that the "statute applicable to members of the armed forces" referenced in M.R.E. 317(a) is the Hawaii intercept statute. Appellant reasons that because Hawaii's laws are "applicable to members of the armed forces" who reside in Hawaii, "[t]he President established that the right of privacy granted under Hawaiian law is incorporated into the UCMJ for the limited purpose of intercepting oral and wire communications."  As authority for this argument, Appellant cites the Hawaii Constitution and the Hawaii Revised Statutes.

9

STANDARD OF REVIEW

As a threshold matter, the Government argues that Appellant has waived review of this issue under the theory he now posits because this was not his theory of inadmissibility at trial. M.R.E. 103(a)(1) requires a party to make "a timely objection . . . stating the specific ground of objection, if the specific ground was not apparent from the context."  The rule does not require a party to advance every literal argument in support of his objection.  United States v. Datz, 61 M.J. 37, 42 (C.A.A.F. 2005).  However, "[a] party is required to provide sufficient argument to make known to the military judge the basis of his objection and, where necessary to support an informed ruling, the theory behind the objection."  Id. (emphasis added); (citing United States v. Banker, 60 M.J. 216 (C.A.A.F. 2004); United States v. Brandell, 35 M.J. 369, 372 (C.M.A. 1992) (holding that "[a] defense counsel has the duty to identify the 'specific grounds' upon which an objection to evidence is based," but that this duty is met when "all parties at trial fully appreciate the substance of the defense objection and the military judge has full opportunity to consider it")).

At trial Appellant's theory was that the statute "applicable to members of the armed forces" under M.R.E. 317(a) was 18 U.S.C. § 2511(2)(d) and that Mrs. Toy made the recordings for the purpose of committing a criminal or tortious act in

violation of the Hawaii intercept statute.  Furthermore, he litigated this specific theory before the military judge who entered findings relevant to that theory.  Appellant acknowledges that he has abandoned that theory and now claims the federal statute he relied upon at trial is not applicable.  Instead, he asserts that the Hawaii statute applies directly to him pursuant to M.R.E. 317(a).  Arguably, this is a theory that might have called for the military judge to make different findings and conclusions had it been presented at trial.

However, one can also fairly argue that having raised an issue under M.R.E. 317(a) that involved the inherent relationship between federal law and state law, the evidentiary issue was "apparent from the context."

In any event, whether we use the preserved error standard or the plain error standard, the threshold question is the same, namely, whether there is error.  Under the theory advanced at trial or the one advanced here on appeal, the military judge did not err, plain or otherwise.  Thus, we find it unnecessary to resolve the issue of waiver in this case.

### DISCUSSION

We return to our point of departure, the text of M.R.E. 317(a):

> Wire or oral communications constitute evidence obtained as
> a result of an unlawful search or seizure within the
> meaning of Mil. R. Evid. 311 when such evidence must be

11

       excluded under the Fourth Amendment to the Constitution of the United States as applied to members of the armed forces or if such evidence must be excluded under a statute applicable to members of the armed forces.

Emphasis added. Appellant argues that the rule "incorporates"[1] state law, because the clause "a statute applicable to members of the armed forces" is not modified by the word "federal" and therefore, by implication, reaches state statutes applicable to members of the service in a particular locale.

       Appellant's argument fails for several reasons. First, federal law rather than state law governs the admissibility of evidence in federal courts. The exclusive application of federal law is expressly and implicitly provided for within the structure of the Uniform Code of Military Justice. Likewise, the corresponding Military Rules of Evidence are intended to provide a uniform standard of justice to members of the armed forces, regardless of where they are stationed or in which armed force they serve.

       Article 36(a), UCMJ, 10 U.S.C. § 836 (2000), for example, delegating to the President authority to promulgate rules of evidence, states:

       (a) Pretrial, trial and post-trial procedures, including modes of proof, for cases . . . triable in courts-martial . . . may be prescribed by the President by regulations which

---

[1] We use the term incorporation as Appellant does in his arguments before this Court, without regard to any distinctions between "incorporation" and "assimilation" that might arise in other contexts.

12

> shall, so far as he considers practicable, apply the principles of law and the rules of evidence <u>generally recognized in the trial of criminal cases in the United States district courts,</u> but which may not . . . be contrary to or inconsistent with [the UCMJ].

Emphasis added.

Article 36(b), UCMJ, in turn provides that "[a]ll rules and regulations made under this article shall be uniform insofar as practicable."  Similarly, M.R.E. 101, which describes the scope of the rules of evidence, provides that unless otherwise prescribed in the <u>Manual for Courts-Martial</u>, courts-martial first apply "the rules of evidence generally recognized in the trial of criminal cases in the United States district courts," and secondly, "the rules of evidence at common law."  M.R.E. 101 (b)(1)-(2).  As a result, Appellant's reading of M.R.E. 317(a), in theory and perhaps in practice, would subject the court-martial system to variants in state statutory regimes.  Such a result is inconsistent with Congress's and the President's intent in establishing a uniform system of military justice as reflected in Article 36, UCMJ, and M.R.E. 101.[2]

Second, in the area of electronic surveillance, Congress has legislated not only with respect to federal law, but with

---

[2] "The Rules represent a compromise between specificity, intended to ensure stability and uniformity with the armed forces, and generality, intended usually to allow change via case law." <u>Manual for Courts-Martial, United States</u>, Analysis of the Military Rules of Evidence app. 22 at A22-5 (2005 ed.) [hereinafter Drafters' Analysis].

respect to the relationship between federal and state law. The statutory cascade follows. Sections 2510-2522 of title 18 of the U.S.C. address electronic surveillance in general, including surveillance conducted under color of law for criminal law enforcement purposes and surveillance not conducted under color of law, as was the case with Mrs. Toy. Section 2515 provides:

> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter . . . .

Section 2511(2)(d) in turn provides:

> It shall not be unlawful under this chapter for a person not acting under the color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortuous act in violation of the Constitution or laws of the United States or of any State.

With enactment of 18 U.S.C. §§ 2510-2522, and through operation of the Supremacy Clause and the preemption doctrine, Congress has defined the relationship between federal and state law in the area of oral and wire intercepts. See On Lee v. United States, 343 U.S. 747, 754-55 (1952) (evidence obtained in violation of state law not rendered inadmissible in federal courts); see also United States v. Procter, 526 F. Supp. 1198,

14

1202 (D. Haw. 1981) (finding that 18 U.S.C. § 2511(2)(c) permitted the use in federal court of wiretaps without a warrant when one party consented, even though they violated Hawaiian state law).[3]

Finally, section (a) of M.R.E. 317 must be read in the context of the entire rule. See United Savings Assoc. v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 371 (1988) (stating that "[s]tatutory construction is a holistic endeavor"). For instance, M.R.E. 317(b) authorizes Department of Defense personnel to proceed in accordance with 18 U.S.C. § 2516(1) when seeking an application from a federal judge to issue an order that conforms with 18 U.S.C. § 2518. In addition, members of the armed forces or their agents may not intercept wire or oral communications for law enforcement purposes unless such interception is "authorized under regulations issued by the Secretary of Defense" and "is not unlawful under 18 U.S.C. § 2511." M.R.E. 317(c)(2)-(3). Thus, M.R.E. 317, as a whole, is clearly intended to operate within the congressional scheme set forth under 18 U.S.C. §§ 2510-2522.

---

[3] Although persuasive rather binding authority, the Drafters' Analysis to M.R.E. 317 supports this position as well: "[a]t present, the area is governed by the Fourth Amendment, applicable federal statute, DOD directive, and regulations prescribed by the Service Secretaries." Drafters' Analysis at A22-30.

As a result, we conclude that Appellant is incorrect. M.R.E. 317(a) does not directly incorporate state law. It is through operation of federal law that M.R.E. 317 may implicate state law, because § 2511(2)(d) may, in context, implicate state law.

Appellant, having failed to prevail on this theory in the court below, concedes here that the recordings in question are admissible under federal law, including § 2511(2)(d). However, in light of the novel nature of the question presented regarding the relationship between federal and state law, we briefly summarize our reasons for concluding that Appellant's concession is well-founded.

M.R.E. 317 applies to evidence that "must" be excluded by "a statute applicable to members of the armed forces." M.R.E. 317(a). Section 2511 is a federal statute of general application without military exception. As a result, to the extent it is generally applicable, it applies as well to members of the armed forces. Under this section, it is not unlawful for a person not acting under color of law to intercept a communication if they are a party to the conversation or where one of the parties to the conversation has given consent. Nonetheless, in such circumstances it is unlawful, if the communication is intercepted with the purpose of committing a criminal or tortious act in violation of a state law.

16

Appellant's argument at trial rested on the distinction between Hawaii's law, which requires all parties to consent where an intercept device is installed in "any private place" and the one-party consent rule in federal law. According to Appellant, since the recording had taken place in a private home and Mrs. Toy had not obtained Appellant's consent, she had violated Hawaiian law. Since the statute provided a criminal sanction, and Mrs. Toy's actions were willful, she made the recordings "with the purpose" of committing a criminal act. However, the text of § 2511(2)(d) conclusively demonstrates that Congress sought to limit unlawful conduct to situations where the individual had the specific intent or purpose to violate state law when they acted. Otherwise the language addressing purpose would be superfluous. If Congress had wanted to except criminal conduct in the absence of specific intent it could and would have done so without the additional "purpose" language: "unless such communication is intercepted . . . in violation of the Constitution or laws of the United States or of any State." Thus, as the Court of Criminal Appeals concluded, the military judge did not err in his application of federal law.

## DECISION

The decision of United States Navy-Marine Corps Court of Criminal Appeals is affirmed.