# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**Misc. Dkt. No. 2016-15**

————————————

**Ryne M. SEETO**
Captain (O-3), U.S. Air Force, *Petitioner*

**v.**

**Lee K. LEVY II**
Lieutenant General (O-9), U.S. Air Force,

and

**Andrew KALAVANOS**
Lieutenant Colonel (O-5), U.S. Air Force,
*Respondents*

————————————

Review of Petition for Extraordinary Relief in the Nature of
a Writ of Habeas Corpus and a Writ of Mandamus

Decided 22 February 2017

————————————

*Military Judge:* Andrew Kalavanos.

*Approved sentence:* Dismissal and confinement for 10 months. Sentence adjudged 24 July 2016 by GCM convened at Robbins Air Force Base, Georgia.

*For Appellant:* Captain Annie W. Morgan, USAF, and Michael J. Millios, Esquire.

*For Appellee:* Major Jeremy D. Gehman, USAF, and Gerald R. Bruce, Esquire.

Before DUBRISKE, HARDING, and C. BROWN, *Appellate Military Judges*.

Senior Judge DUBRISKE delivered the opinion of the Court, in which Judge HARDING and Judge C. BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DUBRISKE, Senior Judge:

Petitioner filed a petition for a writ of habeas corpus and a writ of mandamus surrounding his post-trial confinement after being sentenced by a general court-martial. Petitioner requests this court direct the convening authority to release Petitioner from confinement as his record of trial is non-verbatim and, therefore, subject to sentence limitations imposed by Rule for Courts-Martial (R.C.M.) 1103(f). Alternatively, Petitioner requests this court, through a writ of mandamus, order the general court-martial convening authority to defer Petitioner's remaining confinement until a determination can be made as to whether the record of trial is non-verbatim.

We conclude Petitioner is entitled to partial relief on his writ of mandamus as the general court-martial convening authority failed to properly adjudicate his request for deferment of confinement. We defer our decision on Petitioner's writ of habeas corpus until the general court-martial convening authority complies with Article 57a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 857a, and R.C.M. 1101(c)(3).

## I. BACKGROUND

Petitioner was charged at a general court-martial with attempted rape, aggravated sexual contact, assault, conduct unbecoming an officer, and indecent conduct in violation of Articles 80, 120, 128, 133 and 134, UCMJ, 10 U.S.C. §§ 880, 920, 928, 933, 934. Petitioner pleaded guilty to the conduct unbecoming an officer offense by exceptions and substitutions. He pleaded not guilty to the remaining offenses.

A panel of officer members convicted Petitioner of the conduct unbecoming an officer specification as originally charged by the Government, as well as the specification alleging Petitioner engaged in indecent conduct. Petitioner was sentenced to a dismissal and 10 months of confinement.

On the last day of trial, the court reporter discovered she was missing one day of the audio recording from an earlier motions hearing. After attempts to recover the audio were unsuccessful, the Government attempted to recreate the missing portions of the record of trial during a post-trial Article 39a, UCMJ, 10 U.S.C. § 839a, hearing. At the conclusion of the hearing, the military judge opined he would be certifying the record of trial as non-verbatim.

Petitioner requested the general court-martial convening authority defer his confinement until action because of the likelihood that the record of trial would be found non-verbatim. The convening authority summarily denied the request.

In its response to this court's order to show cause, the Government submitted various documents in support of its argument that Petitioner's record of trial is substantially verbatim. The response also noted both the military judge and Petitioner's counsel acknowledged that the military judge's opinion on whether the record was verbatim was not binding on the convening authority.

## II. JURISDICTION

The Government suggests this court lacks jurisdiction to entertain the extraordinary writs requested in this case as the convening authority has not yet taken action on Petitioner's case. Although recognizing the doctrine of potential jurisdiction may apply, the Government argues the lack of an approved sentence restricts our ability to exercise jurisdiction under Article 66, UCMJ, 10 U.S.C. § 866.

The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction. *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). However, the All Writs Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction. *Clinton*, 526 U.S. at 534–35. As such, a petition for extraordinary relief requires this court to make two determinations: "(1) whether the requested writ is 'in aid of' [this] court's existing jurisdiction; and (2) whether the requested writ is 'necessary or appropriate.'" *LRM v. Kastenberg*, 72 M.J. 364, 367–68 (C.A.A.F. 2013) (quoting *Denedo v. United States*, 66 M.J. 114, 119 (C.A.A.F. 2008).

Given Petitioner's adjudged sentence is within this court's jurisdictional mandate under Article 66, UCMJ, and may be referred for direct review, we find the writs submitted in this case are "in aid of" our jurisdiction under the All Writs Act. *See Howell v. United States*, 75 M.J. 386, 390 n.4 (C.A.A.F. 2016); *see also Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 25 (1943) (holding that jurisdiction is not confined to the issuance of writs in aid of a jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected).

## III. DISCUSSION

Petitioner requests this court, via a writ of mandamus, order the general court-martial convening authority to defer Petitioner's remaining confinement

until a determination can be made as to whether the record of trial is non-verbatim. While we believe we have the authority to issue such as order, we decline to do so at this time. *See Longhofer v. Hilbert*, 23 M.J. 755, 757 (A.C.M.R. 1986) (noting the power to act on a denial of a deferment request is a separate and distinct question from whether a service court exercises this power).

However, we note the convening authority's denial of Petitioner's request to defer confinement failed to identify any reasons for the decision. This was error. *United States v. Sloan*, 35 M.J. 4, 6–7 (C.M.A. 1992); R.C.M. 1101(c)(3), Discussion. As such, we must determine whether it is appropriate to correct this clear error now through the issuance of an extraordinary writ.

The Supreme Court has held that three conditions must be met before a court provides extraordinary relief: (1) the party seeking the relief must show that the "right to issuance of the relief is clear and indisputable"; (2) the party seeking the writ must have "no other adequate means to attain the relief"; and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004) (citations and internal quotation marks omitted). A writ of mandamus is a drastic instrument to be used only in truly extraordinary circumstances. *United States v. Gross*, 73 M.J. 864, 867 (C.A.A.F. 2014).

The purpose of a writ of mandamus is "'to compel [officers and commanders] to exercise [their] authority when it is [their] duty to do so.'" *Dew v. United States*, 48 M.J. 639, 648 (Army Ct. Crim. App. 1998) (quoting *Roche*, 319 U.S. at 26). To reverse a discretionary decision by mandamus, we must find the decision amounted to a judicial usurpation of power or be characteristic of an erroneous practice which is likely to recur. *Murray v. Haldeman*, 16 M.J. 74, 76 (C.M.A. 1983).

We believe it is appropriate to exercise our authority under the All Writs Act to correct the convening authority's error in summarily denying Petitioner's deferment request in this case. The relief authorized under Article 57a, UCMJ, provides significant protection to a military member sentenced to confinement. In particular, the rule can be employed to prevent a servicemember from serving more time in confinement than is ultimately approved by the convening authority. *See United States v. Toy*, 60 M.J. 598, 601 (N.M. Ct. Crim. App. 2004).

Based on our observation of previous cases, errors such as the one in this case are, unfortunately, likely to reoccur. We also find Petitioner has "no other adequate means to attain the relief." *See Cheney*, 542 U.S. at 380-81. While Petitioner could seek relief on this issue during the normal course of appellate

review, all parties, including this court, will still be left to speculate as to both the convening authority's reasoning for the denial and the prejudicial impact of the error on Petitioner's case. As our superior court has previously recognized:

> If it be suggested that this requirement of a written action may not embrace a requirement that the writing include the *reasons* for the action, one might ask rhetorically how a court of military review or this Court could measure an abuse of discretion if the basis for the exercise of that discretion is unknown. . . .
>
> Judicial review is not an exercise based upon speculation, and we will not permit convening authorities to frustrate the lawful responsibility of the courts of military review and this Court that was clearly articulated as early as *Brownd* in 1979.[1] If there has been any doubt in any quarter before, let us now resolve it: When a convening authority acts on an accused's request for deferment of all or part of an adjudged sentence, the action must be in writing (with a copy provided to the accused) and must include the reasons upon which the action is based.

*Sloan*, 35 M.J. at 6-7 (emphasis in the original) (footnote added).

We therefore find the issuance of a writ of mandamus is the most appropriate mechanism to fully address this issue in Petitioner's case. *See Pearson v. Cox*, 10 M.J. 317, 319 (C.M.A. 1981). Our action will also ensure a full and complete appellate review of this matter if it is later reviewed on direct appeal.

## IV. CONCLUSION

Petitioner's writ of mandamus is **GRANTED IN PART**. The general court-martial convening authority's 31 October 2016 denial of Petitioner's deferment of confinement request is **VACATED**. The convening authority is directed to reaccomplish his action on Petitioner's deferment request in accordance with Article 57a, UCMJ, and R.C.M. 1101(c)(3) by **9 MARCH 2017**.

---

[1] Referring to *United States v. Brownd*, 6 M.J. 338 (C.M.A. 1979).

Once this has been accomplished, the record of trial shall be returned to this court for completion of appellate review of Petitioner's remaining claims.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court