UNITED STATES, Appellee,

v.

Sean K. WILLIAMS, Private First Class,
U.S. Marine Corps, Appellant.

No. 99–0973.
Crim.App. No. 98–0213.

U.S. Court of Appeals for
the Armed Forces.

Argued April 4, 2000.

Decided Aug. 24, 2000.

CRAWFORD, C.J., delivered the opinion of the Court, in which SULLIVAN, GIERKE, and EFFRON, JJ., and COX, S.J., joined.

For Appellant: *George A. Gallenthin* (argued); *Lieutenant John D. Holden*, JAGC, USNR (on brief).

For Appellee: *Lieutenant William C. Minick*, JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler*, USMC and *Commander Eugene E. Irvin*, JAGC, USN (on brief).

Chief Judge CRAWFORD delivered the opinion of the Court.

Pursuant to his pleas, appellant was convicted of conspiracy to commit larceny and forgery, making a false official statement, larceny (3 specifications), forgery (5 specifications), making and using false military identification cards, and removing and disposing of property to prevent its seizure, in violation of Articles 81, 107, 121, 123, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 907, 921, 923, and 934, respectively. Appellant was sentenced to a dishonorable discharge, 6 years' confinement, total forfeitures, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority suspended all confinement in excess of 54 months. The Court of Criminal Appeals affirmed the findings and sentence. 51 MJ 592 (1999). While

appellant's appeal was pending before this Court, his habeas corpus motion alleging a lack of jurisdiction, filed in the Eastern District of North Carolina, was denied on February 17, 2000. We granted a review of the following issues:

I. WHETHER THE COURT–MARTIAL LACKED JURISDICTION TO TRY APPELLANT.

II. WHETHER THE LOWER COURT ERRED IN REFUSING TO REMAND THIS CASE FOR A *DUBAY* HEARING IN VIOLATION OF *UNITED STATES V. GINN*, 47 MJ 236 (1997).

III. WHETHER THE LOWER COURT ERRED IN FAILING TO FIND THAT APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS CIVILIAN COUNSEL WAS NOT AUTHORIZED TO PRACTICE LAW DUE TO THE INACTIVE STATUS OF ALL OF HIS STATE BAR MEMBERSHIPS.*

We affirm the decision below.

FACTS—Issues I & II

In a post-trial affidavit signed November 20, 1998, appellant alleges he was evaluated by a physical evaluation board (PEB), and determined to be unfit for duty. Separation action was initiated, and on December 18, 1996, he turned in all the items that were assigned to him and was sent home to await final disposition of the PEB.

On January 15, appellant received his final pay and accounting by direct deposit. On the same day, a certificate of discharge was mailed to appellant and was received by his mother-in-law the following day. On January 17, appellant was sent a letter terminating his orders awaiting final disposition of the PEB board. He was directed to proceed no later than January 22, 1997, to Camp Lejeune. He returned to his unit as directed.

The Government on motion submitted an affidavit by Lieutenant Colonel (LtCol) Carroll, the executive officer of the School of

Infantry, Camp Lejeune, stating that appellant was placed on legal hold on January 15, 1997, hours before the effective date of the discharge.

In response, appellant presented an affidavit of Gunnery Sergeant (GSgt) Davis, dated December 22, 1998, stating that appellant was placed on legal hold after he returned on January 22. However, in a second affidavit, dated June 3, 1999, GSgt Davis recanted his prior statement. Davis said he had no personal knowledge of appellant's legal hold paperwork.

DISCUSSION

■ Generally, other than a few narrow exceptions, jurisdiction over active duty military personnel continues until the member receives a valid discharge; there is a final accounting of pay; and the member has completed administrative clearance processes required by his or her service Secretary. *United States v. King*, 27 MJ 327, 329 (CMA 1989); *see also United States v. Melanson*, 53 MJ 1 (2000).

■ In this case, a discharge certificate with the discharge date of January 15, 1997, was mailed to appellant on January 15, 1997, the same day LtCol Carroll placed appellant on valid legal hold. This is a fact which remains unrebutted.

We find no termination of jurisdiction under these circumstances. A valid legal hold was placed on appellant before the expiration of the date that constitutes the effective date of the discharge. *Cf. United States v. Garvin*, 26 MJ 194 (CMA 1988). Thus, we agree with the court below and hold that appellant's discharge was properly rescinded and the military had in personam jurisdiction.

■ We find no error by the lower court in refusing to remand this case for a hearing under *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967), because the initial

---

* We resolved this issue against the appellant. *See* *United States v. Steele*, 53 MJ 273 (2000).

conflict between the affidavit of LtCol Carroll and GSgt Davis was resolved by the second affidavit submitted by GSgt Davis.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.