David PONDER, Builder Third Class (E–4), U.S. Navy, Petitioner,

v.

Eric B. STONE, Major, U.S. Marine Corps Military Judge

and

Commanding Officer, Naval Mobile Construction, Battalion Seventy–Four, Convening Authority, Respondents.

NMCM 200001320.

U.S. Navy–Marine Corps Court of Criminal Appeals.

29 Nov. 2000.

Capt Curtis M. Allen, USMC, Appellate Defense Counsel.

Capt Dale F. Saran, USMC, Trial Defense Counsel.

Maj Mark K. Jamison, USMC, Appellate Government Counsel.

Before LEO, Senior Judge, ANDERSON, and NAUGLE, Appellate Military Judges.

LEO, Senior Judge:

On 17 August 2000, the petitioner submitted a petition for extraordinary relief in the nature of a writ of mandamus and a stay of the proceedings below. The petitioner alleges that the military judge erred (1) by declaring, as a matter of law, that an order to receive the anthrax vaccination was lawful,

(2) by granting the Government's motion to bar the petitioner from presenting any evidence before the court-martial members on the safety, efficacy, and necessity of the anthrax vaccine, and (3) by denying the petitioner's several motions relating to the lawfulness of the order. He requested that we reverse the military judge's rulings on these matters. On 18 August 2000, we granted the petitioner's preliminary requests for a stay of the proceedings and for the production of a transcript of the lower court proceedings pending our review of the petition. Having completed our review, we find that the petitioner has failed to establish that he has been denied a clear and indisputable right to challenge the lawfulness of the order as a result of the military judge's rulings on the motions. Accordingly, the petition is denied.

## I. Background

The petitioner is charged with a violation of Article 90, Uniform Code of Military Justice, 10 U.S.C. § 890, by willfully disobeying a lawful order from his superior commissioned officer on or about 12 January 2000, to receive the anthrax vaccine. The thrust of his complaint is that the military judge's rulings effectively deny him the right to present an affirmative defense to the charge against him. If the charge cannot be dismissed, his contention is that he should at the very least be allowed to introduce evidence on the merits showing that the order in question violates existing federal laws and regulations.[1]

The petitioner asserts that the current anthrax vaccine is both an investigational new drug [IND] and an experimental drug and that it is being used in a manner inconsistent with its original license of 1970 from the Food and Drug Administration [FDA]. Therefore, he argues, the order that he received was unlawful because, by law, he cannot be compelled to take the vaccine without his prior consent. In ruling in favor of the Government, the military judge held that the legal authority relied upon by the petitioner confers no individual legal rights enforceable at a court-martial. Record at 135–37; Appellate Exhibit XVI.

---

1. 10 U.S.C. § 1107; 50 U.S.C. § 1520a; and Executive Order 13139 of September 30, 1999.

## II. Jurisdiction to Review Petition

■ In its answer to the petition, the Government claims that this court does not have subject matter jurisdiction over this petition. Citing *Clinton v. Goldsmith*, 526 U.S. 529, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999), the Government argues that this court may only grant extraordinary relief on matters affecting the findings and sentence of a court-martial. We disagree.

> The All Writs Act [28 U.S.C. § 1651(a)] merely makes "explicit the right to exercise powers implied from the creation of such courts." Reviser's Note, Historical and Revision Notes, 28 U.S.C. § 1651. [citation omitted]. The fact that a court is empowered by Congress to act only in a specially defined area of law does not make it any the less a court established by Congress. [citation omitted].

*United States v. Frischholz*, 36 C.M.R. 306, 308, 1966 WL 4467 (C.M.A.1966).

We believe that the Government's interpretation of *Goldsmith* is overbroad. The facts in *Goldsmith* involved an attempt by our superior Court to extend its writ powers to an executive action of the President, as opposed to a judicial action of an inferior military court. It would defy common sense, as well as a longstanding precedent of its own, if the Supreme Court truly intended to hold that our superior Court—and, by extension, this court—has no inherent authority to oversee the interlocutory actions of its inferior courts, but is instead limited for purposes of writ petitions to granting relief solely on matters affecting the findings or the sentence. *See Noyd v. Bond*, 395 U.S. 683, 686, 695, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969) (In recognizing that our superior Court has authority to issue an emergency writ of habeas corpus, the Supreme Court elsewhere in its opinion characterized the Air Force Board of Review as "the appellate military tribunal Congress has established to oversee the administration of criminal justice in petitioner's branch of the Armed Forces" and the Court of Military Appeals as "the court to which Congress has confided primary responsibility for the supervision of military justice in this country and abroad.").

In establishing the military justice system, the intent of Congress was to create "an integrated system" of military courts that had sufficient "familiarity with military problems" to handle these specialized issues in a uniform fashion, thereby lessening the need for military accused to bring Federal civilian courts into the matter through collateral legal action. *McPhail v. United States*, 1 M.J. 457, 461–62 (C.M.A.1976) (quoting *Schlesinger v. Councilman*, 420 U.S. 738, 758, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975)); *see also United States v. Bevilacqua*, 39 C.M.R. 10, 12, 1968 WL 5042 (C.M.A.1968) (military accused need not go outside military justice system to Federal civilian judiciary for protection of legal rights). In *McPhail*, our superior Court noted:

> Considering a predecessor statute to the All Writs Act, the Supreme Court held that a superior judicial tribunal has authority to require "inferior courts and magistrates to do that justice which they are in duty and by virtue of their office bound to do."

*McPhail*, 1 M.J. at 462 (*quoting Virginia v. Rives*, 100 U.S. 313, 323, 25 L.Ed. 667 (1879)). In considering petitions for extraordinary relief, our superior Court has "never wavered" in its adherence to this declaration by the Supreme Court. *Dettinger v. U.S.*, 7 M.J. 216, 218 (C.M.A.1979).

■ Under the All Writs Act, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." We are a court that Congress, acting through the Judge Advocate General, has created. *Id.* at 219; *see also Frischholz*, 36 C.M.R. at 307 (All Writs Act applicable not only to Article III courts, but to all courts established by Congress). Accordingly, this court is empowered under the All Writs Act to grant extraordinary relief where appropriate. *Id.*; *Aviz v. Carver*, 36 M.J. 1026, 1028 (N.M.C.M.R.1993). As the highest judicial tribunal within the Department of the Navy, we have "judicial authority over the actions of trial judges within the Department that may potentially reach [us]," enabling us to "confine an inferior court ... to a lawful

exercise of its prescribed jurisdiction." *Dettinger*, 7 M.J. at 220 (internal quotation marks and citation omitted). It follows then that our review of this petition under the All Writs Act is properly a matter in aid of our jurisdiction.

### III. Entitlement to Issuance of Writ

A writ of mandamus is normally issued by a superior court to compel a lower court "to perform mandatory or purely ministerial duties correctly." BLACK'S LAW DICTIONARY 973 (7th ed., 1999). In other words, its purpose is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Dew v. United States*, 48 M.J. 639, 648 (Army Ct.Crim.App. 1998) (quoting *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943)) (internal quotation marks omitted).

The issuance of such a writ is "a drastic remedy that should be used only in truly extraordinary situations." *Aviz*, 36 M.J. at 1028 (citing *United States v. Labella*, 15 M.J. 228 (C.M.A.1983)). It is generally disfavored because it disrupts the normal process of orderly appellate review. *McKinney v. Jarvis*, 46 M.J. 870, 873–74 (Army Ct.Crim.App.1997). For that reason, "[t]o justify reversal of a discretionary decision by mandamus, the judicial decision must amount to more than even gross error; it must amount to a judicial usurpation of power." *Labella*, 15 M.J. at 229 (internal quotation marks omitted). The petitioner, therefore, has the burden of showing that he has "a clear and indisputable right" to the extraordinary relief that he has requested. *Aviz*, 36 M.J. at 1028. See also *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 661–62, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978) (settled limitations on power of appellate courts to review interlocutory orders requires more than simple showing of error; petitioner must prove he had a clear and indisputable right to a particular result or decision that he was not able to obtain from lower court). The petitioner in this case has failed to meet his burden.

When an accused is charged with willful disobedience of a lawful order under Article 90, UCMJ, the order is presumed to be lawful, unless it is patently illegal. MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 14c(2)(a)(i). This presumption, however, is rebuttable. *Unger v. Ziemniak*, 27 M.J. 349, 359 (C.M.A.1989). If the lawfulness of the order is challenged, it is normally an issue of law to be resolved by the military judge as an interlocutory matter. Art. 51(b), UCMJ, 10 U.S.C. § 851(b); RULE FOR COURTS-MARTIAL 801(e)(1) and (5), Discussion, M.C.M.; *United States v. Carson*, 35 C.M.R. 379, 381, 1965 WL 4684 (C.M.A.1965); *United States v. New*, 50 M.J. 729, 738 (Army Ct.Crim.App.1999), petition granted, 52 M.J. 465 (1999). If the military judge determines that the presumption of lawfulness has not been rebutted, the issue is not put to the members. *Unger*, 27 M.J. at 359. After receiving evidence and hearing argument from counsel, the military judge in this case ruled that the petitioner's order was lawful as a matter of law and stated that he would so instruct the court-martial members, thereby precluding the petitioner from putting the matter before the members as an issue of fact.

The petitioner had argued that, by statute, informed consent must be obtained by the Secretary of Defense from members of the Armed Forces before an IND or a drug unapproved for its applied use may be administered, unless the President waives this requirement. 10 U.S.C. § 1107(f)(1). Similarly, he argued that informed consent must be obtained by the Secretary of Defense from any human subject of an experiment or a test directly related to protection against toxic chemicals or biological weapons and agents. 50 U.S.C. § 1520a(c). Therefore, he wanted to introduce evidence showing that the anthrax vaccine was the type of drug requiring informed consent under both statutes.

Executive Order 13139, which implements 10 U.S.C. § 1107, clearly states that the requirements it incorporated from the statute are for internal management only and confer no right enforceable by any party against the United States. E.O. 13139, ¶ 6(b). Addition-

ally, Secretary of the Navy Instruction 6230.4 of 29 April 1998, which implements the Department's anthrax vaccination implementation program [DON AVIP],[2] states that the anthrax vaccine is a FDA-licensed product and not an IND requiring informed consent for its administration. *Id.*, Annex A to Enclosure (1) at A–2. This would imply that the vaccine is also not an experimental or test drug that would require informed consent under 50 U.S.C. § 1520a(c). According to the DON AVIP instruction, anthrax immunization is mandatory and those refusing the vaccine are subject to disciplinary action. SECNAVINST 6230.4, Annex E to Enclosure (1) at E–11. Under these circumstances, the petitioner has not shown that the military judge's ruling is so contrary to statute, settled case law, or valid military regulation as to deny him relief that is clearly and indisputably due him as a matter of right. *McKinney*, 46 M.J. at 874. Accordingly, we find that the issuance of an extraordinary writ at this time is neither necessary nor appropriate.

## IV. Disposition

The petition for extraordinary relief in the nature of a writ of mandamus is denied without prejudice to the petitioner's right to raise the issue before this court in the normal course of appellate review. Our order of 18 August 2000 staying the proceedings below is hereby dissolved.

Judge ANDERSON and Judge NAUGLE concur.

---

**2.** According to the instruction, the DON AVIP is intended to be a force-wide protective measure against the biological anthrax agent, which is the primary biological weapons threat against U.S. naval forces today. SECNAVINST 6230.4, ¶ 3.