# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**D.C. KING, A.Y. MARKS, B.T. PALMER**
**Appellate Military Judges**

**WAYNE TATUM**
**STAFF SERGEANT (E-6), U.S. MARINE CORPS**

**v.**

**UNITED STATES OF AMERICA**

**NMCCA 9202530**
**Review of Petition for Extraordinary Relief in the Nature of a**
**Writ of Error Coram Nobis**

**Sentence Adjudged:** 15 June 1992.
**Convening Authority:** Commanding General, 2d Marine Aircraft Wing, Cherry Point, NC.
**For Petitioner:** Jeffery C. King, Esq. .

**31 March 2016**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

On 15 June 1992, a military judge sitting as a general court-martial convicted the petitioner, contrary to his pleas, of two specifications of committing a fraud against the United States in violation of Article 132, Uniform Code of Military Justice, 10 U.S.C. § 932 and sentenced him to confinement for four months, forfeitures, reduction to pay grade E-1, and a bad-conduct discharge (BCD). On 29 October 1993, we affirmed the findings and sentence, and on 30 June 1994, the Court of Military Appeals likewise affirmed. *United States v. Tatum*, No. 922530, unpublished op. (N.M.C.M.R. 29 Oct 1993), *aff'd*, 40 M.J. 320 (C.M.A. 1994) (summary disposition). The petitioner alleges his 1992 general court-martial lacked jurisdiction and requests this court dismiss and set aside the imposed findings and sentence. This is the petitioner's second such writ filed in this case.

**Jurisdiction**

The petitioner seeks relief in the nature of a Writ of Error *Coram Nobis*, the consideration of which is properly within our jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a). *See United States v. Denedo*, 556 U.S. 904, 912-13 (2009).

## Background

On 21 July 1990, an unrelated general court-martial convicted the petitioner of various offenses and imposed a BCD. On 14 August 1991, the petitioner sought relief from the Navy Clemency and Parole Board (NCPB), which granted clemency on 21 November 1991 and remitted his BCD. Upon the Government's request, the NCPB reconsidered its clemency determination and on 6 February 1992, again remitted the BCD.[1] In the interim, during 4-13 September 1991 and 19 September-5 October 1991, the petitioner engaged in travel claim fraud resulting in the Government preferring new charges against him on 27 December 1991. On 27 April 1992, this court set aside and dismissed the charges stemming from the petitioner's first court-martial. *United States v. Tatum*, 34 M.J. 1115, 1119 (N.M.C.M.R. 1992). On 15 June 1992, the petitioner was convicted of the offenses preferred on 27 December 1991 and upon completion of appellate review his bad-conduct discharge was executed.

On 22 July 2008, the petitioner filed his first Petition for a Writ of Error *Coram Nobis* requesting this court dismiss and set aside the findings on jurisdictional grounds. On 23 September 2008, we denied the Petition, finding the petitioner had not articulated a valid reason for failing to seek the requested relief earlier.[2] *Tatum v. United States*, No. 9202530, 2008 CCA LEXIS 307 at 6, unpublished op. (N.M.Ct.Crim.App. 23 Sep 2008).

The petitioner now claims different jurisdictional grounds. He alleges that he should have been discharged immediately upon the NCPB's 21 November 1991 clemency decision because his scheduled end of active service date had long since expired and the NCPB decision represented a final action by the Secretary of the Navy. He further argues the Government's request seeking NCPB reconsideration lacked authority and implies, without offering any specific evidence, that the convening authority sought reconsideration as a means to maintain jurisdiction over the petitioner until new charges could be preferred. Finally, he alleges that no reasonable diligence could have uncovered this jurisdictional issue at trial because it was "obscured by the appellate court's setting aside of the first court-martial[.]"[3] We disagree.

---

[1] Regardless of the NCPB action, this court retained jurisdiction to review the petitioner's first court-martial. *United States v. Olinger*, 45 M.J. 644, 646 (N.M.Ct.Crim.App. 1997) ("[N]otwithstanding the NCPB action remitting the bad-conduct discharge, this court acquired jurisdiction to review the case under Article 66(b), UCMJ, 10 U.S.C. § 866(b). Jurisdiction under [Article 66(b)] is dependent solely upon the sentence approved by the convening authority and whether appellate review has been waived or withdrawn. Jurisdiction is not based upon actions of the NCPB.").

[2] In reaching this decision, we found the petitioner "could have raised jurisdictional issues during his 1992 trial and 1993 appellate review processes[;]" that his "alleged jurisdictional defect is based upon information that he and his counsel could and should have discovered through the exercise of reasonable diligence prior to the original judgment or on appeal[;]" and that a "servicemember remains subject to the UCMJ until formally discharged . . . [thus] the petitioner was subject to the UCMJ and the military had jurisdiction to try him in 1992." *Tatum*, 2008 CCA LEXIS 307 at 6.

[3] Petition at 15.

**Discussion**

A Writ of Error *Coram Nobis* is extraordinary relief available only under "exceptional circumstances" based upon facts that were not apparent to the court during the original consideration of the case and that may change the result. *United States v. Frischholz*, 36 C.M.R. 306, 309 (C.M.A. 1966) (quoting *United States v. Tavares*, 27 C.M.R. 356, 358 (C.M.A. 1959)). The petitioner's alleged error must be "of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid." *United States v. Morgan*, 346 U.S. 502, 509 n.15 (1954) (internal quotation marks and citations omitted); *see also Aviz v. Carver*, 36 M.J. 1026, 1028 (N.M.C.M.R. 1993) (the writ is a drastic remedy that should be used only in extraordinary circumstances). The petitioner bears the burden of showing a "clear and indisputable right" to the extraordinary relief requested. *United States v. Denedo*, 66 M.J. 114, 126 (C.A.A.F. 2008) (citing *Cheney v. United States District Court*, 542 U.S. 367, 381 (2004)); *Ponder v. Stone*, 54 M.J. 613, 616 (N.M.Ct.Crim.App. 2000); *Aviz*, 36 M.J. at 1028.

To prevail on a petition for a writ of error *coram nobis*, the petitioner must meet six stringent threshold requirements: (1) the alleged error is of the most fundamental character, (2) no remedy other than *coram nobis* is available to rectify the consequences of the error, (3) valid reasons exist for not seeking relief earlier, (4) the new information could not have been discovered through reasonable diligence prior to the original judgment, (5) the writ does not seek to reevaluate previously considered evidence or legal issues, and (6) the sentence has been served but the consequences of the conviction still exist. *Denedo*, 66 M.J. at 126-27.

The petitioner has not met his burden. No new facts or law has arisen since the original 1992 trial affecting the court's analysis. The only change is a different legal argument, which he did not consider at the time of the 1992 trial[4] or at the filing of his first writ. The petitioner, with the exercise of reasonable diligence, could have raised these jurisdictional issues during his 1992 trial and 1993 appellate review processes. The NCPB made its clemency decision prior to the petitioner's court-martial, and the petitioner now provides no legitimate reason as to why he failed to consider whether the clemency affected the court-martial's jurisdiction. The petitioner therefore fails on prongs (3) and (4) of the threshold set in *Denedo*. *Id.* at 126.

Furthermore, even if the petitioner was able to meet the *coram nobis* threshold requirements, we find no error entitling him to relief. "Court-martial jurisdiction attaches over a person when action with a view towards trial is taken. Once court-martial jurisdiction . . . attaches [it] shall continue for all purposes of trial, sentence, and punishment notwithstanding the expiration of that person's term of service." RULES FOR COURTS-MARTIAL 202(c) MANUAL FOR COURTS-MARTIAL, UNITED STATES, 1984. A servicemember remains subject to the UCMJ until he is formally discharged from military service. Art. 2, UCMJ; *United States v. Williams*, 53 M.J. 316, 317 (C.A.A.F. 2000). "Generally . . . jurisdiction over active duty military personnel

---

[4] The petitioner asserts he did not raise this argument at trial because it was "obscured" in the "incredibly rare scenario of contesting charges at a second court-martial after the first court-martial was set aside[.]" Petition at 15. We find the set-aside decision made seven weeks before trial was more than sufficient time for the parties to identify and act on all potential issues resulting therefrom.

continues until the member receives a valid discharge[.] *Id.* at 317 (citing *United States v. King*, 27 M.J. 327, 329 (C.M.A. 1989)). "A servicemember will not be considered to have been lawfully discharged, however, unless: (1) the member received a valid discharge certificate or a certificate of release from active duty, such as a Department of Defense Form (DD Form) 214; (2) the member's final pay or a substantial part of that pay is ready for delivery to the member; and (3) the member has completed the administrative clearance process required by the Secretary of the service of which he or she is a member." *United States v. Melanson*, 53 M.J. 1, 2 (C.A.A.F. 2000) (internal quotation marks and citations omitted).

The petitioner offers no evidence that he was discharged prior to his second court-martial and acknowledges in his own pleadings that he was, in fact, not discharged until 2 December 1993.[5] Moreover, charges were preferred only 36 days after the first NCPB decision remitting the BCD, and the petitioner offers no evidence he sought discharge before the date of preferral. *United States v. Wheeley*, 6 M.J. 220, 222 (C.M.A. 1979) (court-martial jurisdiction continues over a servicemember until discharged or "he objects to his continued retention and a reasonable time expires without appropriate action by the Government.")

Finally, even if the convening authority did not request NCPD reconsideration, the petitioner would have still been on active duty until some date after 27 April 1992, when the appellate review of his first court-martial concluded.

### Conclusion

The petitioner has failed to demonstrate a clear and indisputable right to the extraordinary relief he has requested. Accordingly, the petition is denied.

For the Court

R.H. TROIDL
Clerk of Court

---

[5] Petition at 4, Exhibit 7.

4