# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

## No. 200300527

————————————

## JAMES B. DIGGS
Aviation Electronics Technician Third Class (E-4), U.S. Navy
Petitioner

v.

## UNITED STATES
Respondent

————————————

Review of Petition for Extraordinary Relief in the Nature of a Writ
of Error *Coram Nobis*

Sentence Adjudged: 16 July 2001.
Convening Authority: Commander, U.S. Naval Forces, Marianas,
U.S. Naval Activities, Guam.
For Petitioner: James B. Diggs, *pro se.*

————————————

Decided 28 March 2017

————————————

Before GLASER-ALLEN, MARKS, AND FULTON,
*Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

GLASER-ALLEN, Chief Judge:

The petitioner has submitted a petition of writ of error *coram nobis*. He argues that: (1) we should retroactively apply *United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010), which requires the use of the elements test to determine whether one offense is a lesser included offense (LIO) of another, and (2) if *Jones* is retroactively applied, his convictions for indecent assault, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 932, should be set aside and substituted with the permissible LIO of assault consummated

by a battery, in violation of Article 128, UCMJ, 10 U.S.C. § 928. We hold that petitioner is not entitled to *coram nobis* relief.

## I. JURISDICTION

The All Writs Act empowers this Court to issue "all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court has declared that writs of *coram nobis* may be issued to correct factual and legal errors of the most fundamental character, to include violations of constitutional rights. *Unites States v. Denedo*, 556 U.S. 904, 911 (2009). Therefore, we conclude that we have jurisdiction to consider the petition for extraordinary relief in this case.

## II. BACKGROUND

On 16 July 2001, a military judge sitting alone as a general court-martial convicted the petitioner, pursuant to his pleas, of one specification of assault and two specifications of indecent assault, in violation of Articles 128 and 134, UCMJ, 10 U.S.C. §§ 928 and 934. The petitioner was sentenced to a bad-conduct discharge (BCD), confinement for seven months, forfeiture of all pay and allowances for seven months, and reduction to pay grade E-1. A pretrial agreement (PTA) had no effect on the sentence. The convening authority (CA) approved the sentence as adjudged. As a result of the indecent assault convictions, the petitioner was required by state law to register as a sex offender.

On direct appeal the petitioner claimed, among other errors, that his guilty plea to simple assault was improvident. On 10 November 2005, we set aside the guilty finding for simple assault and affirmed the remaining findings of guilty. We reassessed the sentence and affirmed only the bad-conduct discharge and reduction to pay grade E-1. *United States v. Diggs*, No. 200300527, 2005 CCA LEXIS 357, unpublished op. (N-M. Ct. Crim. App. 10 Nov 2005).

The petitioner now contends his pleas were not knowing and voluntary. In accordance with the PTA, the petitioner pled not guilty to two specifications of rape, but guilty to the LIOs of indecent assault. The petitioner argues that because indecent assault is not an LIO of rape, and because he would not have pleaded guilty to indecent assault had he known that it was not an LIO of rape, his pleas of guilty to indecent assault were improvident. He therefore requests this court set aside his convictions for indecent assault and substitute convictions for assault consummated by a battery.

## III. DISCUSSION

A writ of error *coram nobis* is extraordinary relief available only under exceptional circumstances where an error is based upon facts that were not apparent to the court during the original consideration of the case and that may

change the result. *United States v. Frischholz*, 36 C.M.R. 306, 309 (C.M.A. 1966). The alleged error must be "of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid." *United States v. Morgan*, 346 U.S. 502, 509 n.15 (1954) (citations and internal quotation marks omitted); *see also Aviz v. Carver*, 36 M.J. 1026, 1028 (N.M.C.M.R. 1993) (noting that a writ "is a drastic remedy that should be used only in truly extraordinary situations"). The petitioner bears the burden of showing a "clear and indisputable right" to the extraordinary relief requested. *United States v. Denedo*, 66 M.J. 114, 126 (C.A.A.F. 2008) (citing *Cheney v. United States Dist. Ct.*, 542 U.S. 367, 381 (2004)), *aff'd*, 556 U.S. 904 (2009). *See also Ponder v. Stone*, 54 M.J. 613, 616 (N-M. Ct. Crim. App. 2000); *Aviz*, 36 M.J. at 1028.

To prevail, the petitioner must meet six stringent threshold requirements: 1) the alleged error is of the most fundamental character; (2) no remedy other than *coram nobis* is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information could not have been discovered through reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction still exist. *Denedo*, 66 M.J. at 126-27. The petitioner has not met his burden. We find that the petitioner has provided no reason to disturb his pleas of guilty to indecent assault, which a military judge determined, via providence inquiry, were intelligently and voluntarily made.

## A. *Jones* and its retroactive application

The petitioner correctly notes that indecent assault is no longer considered an LIO of rape. At the time of the petitioner's court-martial however, courts relied on Part IV of the MANUAL FOR COURTS-MARTIAL (MCM), UNITED STATES (2000 ed.), which provided practitioners with a list of LIOs associated with each offense. If the MCM listed one offense as an LIO of another, the lesser offense was embraced in a specification alleging the greater offense and ¶ 45d(1)(c) listed "Article 134—indecent assault" as a "[l]esser included offense[]" of rape under Article 120, UCMJ.

But in 2010—five years after the petitioner's case became final—new case law changed how practitioners determine whether one offense is an LIO of another. In *Jones*, our superior court decided that LIOs "must be determined with reference to the elements defined by Congress for the greater offense." 68 M.J. 471. Not every LIO listed in Part IV met this more stringent "elements" test. Shortly after it decided *Jones*, the Court of Appeals for the Armed Forces (C.A.A.F.) applied the elements test to specifically hold that indecent assault was not an LIO of rape. *United States v. Burleson*, 69 M.J. 165 (C.A.A.F. 2010). The petitioner now argues that by accepting his pleas of guilty to indecent

assault, the military judge committed error of such a fundamental character that it requires the extraordinary remedy he requests. We disagree.

Normally a case may be applied retroactively only if it either (1) creates a new substantive rule of criminal law that alters the range of conduct or the class of persons that the law punishes; or (2) modifies the elements of an offense. *See Bousley v. United States*, 523 U.S. 614, 620-21 (1998). "This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004) (internal citations omitted). The rationale for applying these sorts of changes retroactively is that such changes would otherwise "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Id.* at 352 (citations and internal quotation marks omitted).

The Court's decision in *Jones* represented a procedural change in the law—not a substantive one. *Jones* did not make any act non-criminal that had been criminal, nor did it forbid any punishment that could have been imposed on the petitioner at the time of his trial. Rather, it simply changed the way in which practitioners of military justice determine whether one offense is a lesser included offense of another. Procedural changes are only implemented retroactively when they "implicat[e] the fundamental fairness and accuracy of the criminal proceeding." *Summerlin*, 542 U.S. at 352 (citations and internal quotation marks omitted). The changes brought about by *Jones* do not speak to the fundamental fairness or accuracy of the petitioner's proceeding.

## B. Structural error and notice

Even if we were to apply *Jones* to the petitioner's case, we would not grant relief, as there was no fundamental error affecting the structure of the case or lack of notice to the petitioner. No structural error affected the trial making it unreliable or fundamentally unfair. As noted in *United States v. McMurrin*, "[s]tructural errors are those constitutional errors so affect[ing] the framework within which the trial proceed[s], that the trial cannot reliably serve its function as a vehicle for determination of guilt or innocence[.]" 70 M.J. 15, 19 (C.A.A.F. 2011) (internal citations and quotation marks omitted) (alterations in original).

The petitioner had ample notice of what he was pleading guilty to, even though everyone involved in his proceeding believed that indecent assault was an LIO of rape. In this connection, we find it particularly useful to look to those cases in which an appellant pleaded guilty to a non-*Jones*-compliant LIO before *Jones* was decided, but who were able to have their direct appeals decided in light of *Jones*. What we learn from those cases is that, even when subjected to the non-extraordinary standards of a direct appeal, appellants who pleaded

guilty erroneously to offenses they thought were LIOs were not prejudiced by their misapprehension.

In *United States v. Ballan*, the appellant pleaded not guilty to rape of a child, but guilty to indecent acts with a child, an offense the parties erroneously believed to be an LIO. 71 M.J. 28, 31 (C.A.A.F. 2012). On direct appeal, Ballan argued that the military judge erred by accepting his plea. The C.A.A.F. declined to disturb the guilty plea. *Id.* at 34. The *Ballan* court held that in the context of a specification that was legally sufficient at the time of trial, and to which a plea of guilty was entered and accepted, courts should simply ascertain whether "the providence inquiry clearly delineates each element of the offense," shows "that the appellant understood" what offense he was pleading guilty to, and demonstrates that he understood the "legal theory" underlying his pleas. *Id.* (citation and internal quotation marks omitted).

Because a pre-*Jones* providence inquiry provides a sufficient guarantee on direct appeal that an appellant's pleas are knowing and voluntary, even after *Jones*, we are confident that such a case does not justify an extraordinary remedy after the case is final. As demonstrated in the pleadings, at the time of trial there was a meeting of the minds in that all parties understood the agreement, and the petitioner received the benefit of his bargain by pleading to indecent assault instead of rape, in return for sentencing protection. The petitioner knowingly and intelligently pleaded guilty under the terms of a valid PTA. We will not disturb his plea now.

## IV. CONCLUSION

The petitioner has failed to demonstrate a clear and indisputable right to the extraordinary relief he has requested. Accordingly, the petition is denied.

Senior Judge MARKS and Judge FULTON concur.

For the Court



R.H. TROIDL
Clerk of Court