# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | |
|---|---|
| IN RE ALEXANDER L. DRISKILL ) | Misc Dkt No. 2019–03 |
| Airman (E-2) ) | |
| U.S. Air Force ) | |
| *Petitioner* ) | |
| ) | ORDER |
| ) | |
| ) | |
| ) | |
| ) | Panel 1 |

On 25 June 2019, Petitioner filed a petition requesting we issue a writ of mandamus and a motion requesting a stay of his ongoing general court-martial. Petitioner also filed a motion to attach documents in support of his petition, including the charge sheets, motions, and the rulings of the military judge.

On 25 June 2019, the petition was docketed by this court and titled *In re Driskill. See* JT. R. APP. PROC. R. 19(b)(3). On 27 June 2019, this court denied the request for a stay.

Petitioner was charged, *inter alia*, with knowingly and wrongfully possessing obscene cartoons in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Petitioner asserts the military judge erred in not dismissing that offense because of an alleged violation of the Fifth Amendment[1] prohibition against double jeopardy. Petitioner requested we issue a writ of mandamus (1) setting aside the military judge's denial of Petitioner's motion to dismiss the offense on the grounds of former jeopardy and (2) ordering the offense dismissed with prejudice.

The All Writs Act, 28 U.S.C. 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction. *See Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (quoting *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999)). "However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction." *Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Goldsmith*, 526 U.S. at 534–35). The writ requested in this case is a writ of mandamus; that is, an order issued by a superior court compelling an inferior court to "perform mandatory or purely ministerial duties correctly." *Ponder v.*

---

[1] U.S. CONST. amend. V.

*Stone*, 54 M.J. 613, 616 (N.M. Ct. Crim. App. 2000) (citation omitted). The purpose of a writ of mandamus is to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26 (1943). It is a drastic remedy to be used sparingly. *Will v. United States*, 389 U.S. 90, 95 (1967).

We consider the petition in aid of our jurisdiction under the All Writs Act. 28 U.S.C. § 1651(a); *see also Loving* 62 M.J. at 246 (citation omitted). We also grant Petitioner's motion to attach documents.

To justify reversal of a military judge's decision, it "must amount to more than even gross error; it must amount to a judicial usurpation of power. . . or be characteristic of an erroneous practice which is likely to recur." *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983) (per curiam) (citations and internal quotation marks omitted). The petitioner must demonstrate that usurpation occurred and that he has a "clear and indisputable right" to the requested relief. *Ponder*, 54 M.J. at 616 (citations omitted). If alternative remedies exist, including those within the normal course of appellate review, a writ is inappropriate. *See Goldsmith*, 526 U.S. at 537.

The Supreme Court has held that three conditions must be met before a court provides extraordinary relief: (1) the party seeking the relief must show the "right to issuance of the writ is clear and indisputable;" (2) the party seeking the writ must have "no other adequate means to attain the relief"; and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citations and internal quotation marks omitted).

After considering Petitioners writ and attached documents, we conclude the petition does not warrant the "drastic and extraordinary remedy" of a writ of mandamus. *See EV v. United States*, 75 M.J. 331, 332 (C.A.A.F. 2016) (citation omitted). We find that Petitioner has not demonstrated a clear and indisputable right to the relief of a writ of mandamus, and a writ of mandamus is not appropriate under the circumstances. *See Cheney*, 542 U.S. at 381; *Morgan v. Mahoney*, 50 M.J. 633, 634 (A.F. Ct. Crim. App. 1999).

Accordingly, it is by the court on this 2nd day of July, 2019,

**ORDERED:**

The Motion to Attach Documents dated 25 June 2019 is hereby **GRANTED**.

The Petition for Writ of Mandamus dated 25 June 2019 is hereby **DENIED**.

FOR THE COURT

JULIE L. ADAMS
Deputy Clerk of the Court